IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **YIWU YUXIN E-COMMERCE FIRM,**<br><br>Plaintiff,<br><br>v.<br><br>**THE PARTNERSHIPS and UNINCOPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**<br><br>Defendants. | Civil Action No. 1:23-cv-9264 |

## COMPLAINT

Plaintiff Yiwu Yuxin E-commerce Firm, ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants") for copyright infringement and alleged as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products featuring Plaintiff's copyrighted jewelry

designs. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's copyrighted jewelry designs to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Defendants are foreign entities residing in China and have committed acts of copyright infringement in this judicial district, do substantial business in the judicial district.

## **INTRODUCTION**

4. This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, namely the jewelry shown in **Exhibit 1**, that infringe Plaintiff's copyrighted jewelry designs (the "Infringing Products"). The Defendants create the Defendant Internet Stores and design them to appear to be selling genuine products, while actually selling Infringing Products to unknowing consumers. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

5. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's Copyrights. Plaintiff has been and continues to be irreparably damaged through loss of

ability to license, loss of future sales, and loss of control over the creative content of the valuable copyrights, the quality of products sold in connection with Plaintiff's copyrighted material, ability to license these products, and damage to Plaintiff's reputation and good will as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PARTIES

### Plaintiff Yiwu Yuxin E-commerce Firm

6. Plaintiff is an entity organized under the law of the People's Republic of China. Plaintiff is the rightful owner of the attached U.S. Copyright Office registered jewelry designs, true and correct copies of which with a summary are attached hereto as **Exhibit 2** (the "Copyrights").

7. Plaintiff has been offering for selling jewelry via online platforms such as its Gthic.com platform, which practice the Copyrights, since no later than September 2019. Plaintiff has established its products as the first to market and has an established reputation and quality reviews. Its uniquely designed jewelry have received overwhelming high customer ratings as of the date of the filing of the Complaint.

8. Plaintiff's jewelry has been well received by customers who desire such aesthetically designed products. In 2022 alone, Plaintiff's sales revenue was approximately 5 million U.S. dollars.

9. Plaintiff is the lawful owner of all rights, title, and interest in the Copyrights.

10. Plaintiff has not granted a license or any other form of permission to Defendants with respect to the Copyrights.

### The Defendants

11. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China. Defendants conduct business throughout the

United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, ready to ship, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois.

12. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Copyrights in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same infringing products with minor variations as well as similar if not identical product images and descriptions as shown in **Exhibit 1**. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

13. Plaintiff has not licensed or authorized Defendants to use the jewelry designs claimed in the Copyrights, and none of the Defendants are authorized retailers of Plaintiff's Products.

14. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms, as well as other unknown fictitious names and addresses. Such Defendant

Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

15. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features beyond selling the same infringing products, including the same product images, lack of reliable contact information, and the use of the same or substantially similar text, images, product descriptions, some even including content copied from Plaintiff's original product listings.

16. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

17. Further, infringers such as Defendants typically operate multiple credit card merchant accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their online marketplace accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of transaction histories from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based accounts to China-based bank accounts outside the jurisdiction of this Court.

18. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Copyrights, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

19. Defendants' infringement of the Copyrights in the offering to sell, selling, or importing of the Infringing Products was willful.

20. Defendants' infringement of the Copyrights in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)
### [Against Defendants Designated in Schedule A]

21. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

22. Plaintiff owns all exclusive rights in the Copyrights as provided by 17 U.S.C. §§ 106 through 122, including without limitation the rights to reproduce the Copyrights in copies, to prepare derivative works based upon the Copyrights, and to distribute copies of the Copyrights to the public by sale or other transfer of ownership, or by rental, lease, or lending.

23. Defendants have violated these exclusive rights by reproducing and distributing copies of the Copyrights to the public by sale and/or preparing derivate works based upon the Copyrights. For example, Defendants are reproducing, selling, offering to sell, marketing,

distributing, and advertising copies and/or derivate works of the Copyrights without Plaintiff's permission.

24. Defendants had access to Plaintiff's products incorporating Plaintiff's registered jewelry designs covered by the Copyrights before Defendants created their Defendant Internet Stores.

25. Upon information and belief, Defendants have directly copied Plaintiff's Copyrights. Alternatively, Defendants' representations of Plaintiff's Copyrights in the Defendant Internet Stores are substantial similar, if not identical, to Plaintiff's Copyrights and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff's Copyrights.

26. Plaintiff has seen significant declines in the sales of its actual products which corresponds with the increased proliferation of cheap knockoffs that have flooded the market. Further, consumers have often been misled into believing that they were buying Plaintiff authorized products only to discover that, in fact, they were receiving inferior imitations.

27. Defendants have infringed the Copyrights through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful copyright rights to exclude others from copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff's Copyrights.

28. On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's Copyrights. Each Defendant either knew or should have reasonably known Plaintiff's Copyrights and their representations infringed

on Plaintiff's Copyrights. Each Defendant continues to infringe upon Plaintiff's rights in and to the Copyrights.

29. As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiffs. Accordingly, Plaintiffs seek an award of damages pursuant to 17 U.S.C. § 504.

30. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Each Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

31. In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

32. Plaintiff is entitled to, and may elect to choose, injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing work and for an order under 17 U.S.C. § 503 that any of Defendants' infringing products be impounded and destroyed.

33. Plaintiff seeks and is entitled to recover reasonable attorneys' fees and costs of this suit pursuant to 17 U.S.C. § 505.

34. Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of Plaintiff's Copyrights;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Copyrights; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, Temu.com, and etsy.com, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe Plaintiff's Copyrights;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using Plaintiff's Copyrights; and

      c.      take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of Plaintiff's Copyrights, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of Plaintiff's Copyrights;

4) In the alternative, that Plaintiff be awarded statutory damages of not less than $750 and not more than $30,000 for each and every infringement of the Copyrights pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

DATED September 11, 2023.                                  Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Hao Ni*
Hao Ni